UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 13 2000

JAMES W. McCORMACK, CLERK
By:_____
              DEP CLERK

George Hurtado, Javier Hurtado,
Abel Hurtado, Oscar Alvarez,
Gregorio Cuevas, Eva Cuevas,
and Maria Lopez,                                                   PLAINTIFFS

v.                          No. 4-00 CV00831 JMM

All Arkansas Bail Bonds, Inc.,                                      DEFENDANT

COMPLAINT

This case assigned to District Judge _Moody_
and to Magistrate Judge _(illegible)_

For their Complaint against Defendant All Arkansas Bail Bonds, Inc., the plaintiffs, George Hurtado, Javier Hurtado, Abel Hurtado, Oscar Alvarez, Gregorio Cuevas, Eva Cuevas, and Maria Lopez state as follows:

JURISDICTION AND VENUE

1. The plaintiffs are residents of the State of California.

2. The defendant is a corporation incorporated under the laws of Arkansas, having its principal place of business in Little Rock, Pulaski County, Arkansas

3. A substantial part of the events, acts, and omissions giving rise to Plaintiffs' claims occurred in Little Rock, in the Eastern District of Arkansas.

4. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332, and this Court has jurisdiction of the parties and subject matter of this cause of action, and this court is the appropriate venue for this action.

FACTS

5. On July 2, 1999, Plaintiff George Hurtado was arrested at the Little Rock National Airport by Little Rock Police Department officers and charged with a violation of Arkansas' Uniform Controlled Substances Act.

1

6. On or about July 4, 1999, the Little Rock Municipal Court set bond for Plaintiff George Hurtado's release at One Million Dollars.

7. Plaintiff George Hurtado sought the help of friends and family for help posting bond.

8. George Hurtado first contacted his father, Plaintiff Abel Hurtado, who then contacted Bill Tomerlin.

9. Upon information and belief, Bill Tomerlin is an officer and agent of Defendant All Arkansas Bail Bonds, Inc.

10. At all times relevant hereto, Defendant All Arkansas Bail Bonds, Inc., was a professional bail bond company as defined by Ark. Code Ann. § 17-19-101(7).

11. Defendant promised to secure the release of Plaintiff George Hurtado by posting a One Million Dollar bail bond in exchange for payment of a $50,000 premium.

12. Defendant agreed to accept payment of its premium in the form of $10,000 cash and promissory notes for $40,000.

13. On July 26, 1999, Plaintiffs sent Defendant two cashier's checks totaling $10,000.

14. Defendant further demanded that Plaintiffs Gregorio Cuevas, Oscar Alvarez, Abel Hurtado, and Javier Hurtado each execute a separate promissory note in the amount of $40,000; in addition, Defendant demanded that Plaintiff Maria Lopez execute two promissory notes, each in the amount of $40,000 (for a total of six, separate $40,000 promissory notes).

## Real Estate Transfers

15. The promissory notes executed by Plaintiffs Gregorio Cuevas, Oscar Alvarez, Abel Hurtado, Javier Hurtado, and Maria Lopez read, in part, "As security for payment of these Notes, one or more of the undersigned has pledged the following security: All household good, musical

instruments, stocks, bonds, bank accounts, jewelry, guns, boats, sporting equipment, tools, clothing, animals, building materials, utility deposits, cameras, of the undersigned and: ___" (the remainder of which was left blank).

16. The promissory notes do not reflect that they were to be secured by real property.

17. Defendant did not offer to prepare a Mortgage for Plaintiffs Gregorio Cuevas, Eva Cuevas, and Oscar Alvarez.

18. Defendant did prepare, however, Warranty Deeds for Plaintiffs Gregorio Cuevas, Eva Cuevas, and Oscar Alvarez.

19. Despite that the printed-form Promissory Notes did not recite that they were secured by real property, Plaintiffs Gregorio Cuevas, Eva Cuevas, and Oscar Alvarez reasonably believed the Warranty Deeds presented to them by Defendant were to secure the promissory notes they had made.

20. Plaintiffs Gregorio Cuevas, Eva Cuevas, and Oscar Alvarez did not intend to convey a fee simple interest in their real property to Defendant.

21. Before posting bond, Defendant demanded that Plaintiffs Gregorio Cuevas and Eva Cuevas execute and deliver a Warranty Deed conveying unconditionally to Defendant the following described real property in Tulare County, California, viz.,

> The East 23 feet of the West 73 feet of the East 795 feet of the South Half of the North Half of the South Half of the Northwest Quarter of the Southwest Quarter of Section 12, Township 19 South, Range 26 East, Mount Diablo Base and Meridian, according to the official plat thereof; Excepting the North 20 feet thereof previously conveyed for highway purposes.

22. On August 6, 1999, Plaintiffs Gregorio Cuevas and Eva Cuevas executed and delivered the Warranty Deed described in paragraph 21 hereof to Defendant.

23. Before posting bond, Defendant demanded that Plaintiff Oscar Alvarez execute and deliver a Warranty Deed conveying unconditionally to Defendant the following described real property in Tulare County, California, viz.,

> Lots 1, 2, 3, and 4 in block 67 of the City of Exeter, County of Tulare, State of California, as per map recorded in Book 2, Page 52, of maps in the office of the County Recorder of said County.

24. The Office of the Tulare County, California, Recorder reflects that these parcels were purchased in July 1996 for a price of $130,000.

25. On August 6, 1999, Plaintiff Oscar Alvarez executed and delivered the Warranty Deed described in paragraph 23 hereof to Defendant.

### Failure to Secure Actual Release

26. On or about August 16, 1999, Defendant filed a One Million Dollar bond with the Municipal Court of Little Rock but failed to secure the release of Plaintiff George Hurtado from actual custody.

27. Upon information and belief, Defendant failed to secure the release of Plaintiff George Hurtado because he had holds from California and from the United States District Court for the Eastern District of Arkansas.

28. Defendant knew of the existence of the holds referred to in paragraph 27 at the time he received the plaintiffs' promissory notes and Warranty Deeds referred to in paragraphs 14, 21, and 23 hereinabove.

29. Section 23 of the Rules and Regulations of the Arkansas Professional Bail Bondsman Licensing Board states in relevant part, "The principal shall be entitled to a refund of his premium when the bondsman fails to secure the defendant's release from actual custody."

### Premium Return Demanded

30. Plaintiffs demanded that Defendant refund the $10,000 premium that they had paid.

31. Defendant refused to refund the premium the plaintiffs had paid.

32. Plaintiffs Gregorio Cuevas, Eva Cuevas, and Oscar Alvarez demanded that Defendant cancel the warranty deeds described in paragraphs 21 and 23 hereinabove.

33. Defendant refused to cancel the warranty deeds.

34. In fact, Defendant has demanded that Plaintiffs Gregorio Cuevas, Oscar Alvarez, Abel Hurtado, Javier Hurtado, and Maria Lopez pay the promissory notes they made.

### Jury Trial

35. Plaintiffs demand trial by jury.

### COUNT I - FRAUD

36. Plaintiffs adopt and re-allege the allegations in paragraphs 1 through 35 hereinabove.

37. Defendant represented to Plaintiffs Gregorio Cuevas, Eva Cuevas, and Oscar Alvarez that the Warranty Deed presented to each of them was security for the promissory notes they had made.

38. Defendant knew that a mortgage, rather than a warranty Deed, was the appropriate means of securing a promissory note.

39. Plaintiffs Gregorio Cuevas, Eva Cuevas, and Oscar Alvarez reasonably relied on Defendant's misrepresentations to their detriment.

40. In addition to the foregoing, Defendant represented to Plaintiffs that it would secure the actual release of George Hurtado upon receiving the promissory notes, Warranty

Deeds, and cash from Plaintiffs, as set forth hereinabove.

41. At the time it received the promissory notes, Warranty Deeds, and cash from Plaintiffs, as set forth hereinabove, Defendant knew that it was unable to secure the actual release of George Hurtado.

42. Defendant failed to disclose to Plaintiffs that holds were in place on George Hurtado that would result in its inability to secure his release.

43. Plaintiffs reasonably relied to their detriment on the false representations and material omissions of Defendant.

44. Plaintiffs were damaged in an amount in excess of $75,000.

45. Defendant knew its actions would certainly result in injury to Plaintiffs Gregorio Cuevas, Eva Cuevas, and Oscar Alvarez, yet it continued its conduct in reckless disregard of the consequences.

46. Plaintiffs Gregorio Cuevas, Eva Cuevas, and Oscar Alvarez are entitled to punitive damages.

## COUNT II - BREACH OF CONTRACT

47. Plaintiffs adopt and re-allege the allegations in paragraphs 1 through 46 hereinabove.

48. Defendant's refusal to return the $10,000 premium paid by Plaintiffs upon its failure to secure the actual release of Plaintiff George Hurtado is a breach of its contract with the plaintiffs.

49. Plaintiffs are entitled to the premium paid.

50. Damages are reasonably ascertainable both as to time and amount.

51. Plaintiffs are entitled to prejudgment interest.

52.	Pursuant to Ark. Code Ann. § 16-22-308, Plaintiffs are entitled to recover their attorneys' fees.

WHEREFORE, Plaintiffs pray that:

1. they be awarded judgment for cash paid in the amount of $10,000, plus pre-judgment interest, and their attorneys' fees, pursuant to Ark. Code Ann. § 16-22-308;

2. Plaintiffs Gregorio Cuevas, Eva Cuevas, and Oscar Alvarez pray that Defendant be ordered to file, or that this Court issue, a Cancellation Deed, canceling the Warranty Deeds executed by Plaintiffs Gregorio Cuevas, Eva Cuevas, and Oscar Alvarez;

3. in the alternative, Plaintiffs Gregorio Cuevas, Eva Cuevas, and Oscar Alvarez be awarded compensatory damages;

4. Plaintiffs Gregorio Cuevas, Eva Cuevas, and Oscar Alvarez be awarded punitive damages;

5. they be awarded their costs and all other just and proper relief to which they may be found entitled.

Respectfully submitted,

GILL ELROD RAGON OWEN
 SKINNER & SHERMAN, P.A.
3801 TCBY Tower
Little Rock, Arkansas 72201
(501) 376-3800

By: *[signature]*
Drake Mann, Arkansas Bar number 87108